**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 10 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN ELENILSO MELENDEZ, AKA Edwin Melendez Fuentes, | No.   16-70815 |
| Petitioner, | Agency No. A094-460-102 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2022**
Pasadena, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and ROSENTHAL,***
District Judge.

Edwin Melendez, a native and citizen of El Salvador, petitions for review of

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Lee H. Rosenthal, Chief United States District Judge
for the Southern District of Texas, sitting by designation.

a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of an order by an Immigration Judge (IJ) denying his application for withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Substantial evidence supports the agency's adverse credibility determination. The agency provided specific and cogent reasons for finding Melendez's testimony lacked credibility. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). During questioning about his criminal history, Melendez repeatedly downplayed and failed to take responsibility for the crimes of which he had been accused or convicted, demonstrating a lack of candor that the IJ was permitted to consider in reaching its credibility determination. *See Iman v. Barr*, 972 F.3d 1058, 1064–65 (9th Cir. 2020). Melendez also failed to articulate from which, if any, groups or individuals in El Salvador he feared persecution. Finally, Melendez's omission of his uncle's murder from his asylum application and the early portion of his testimony also supports the IJ's adverse credibility determination. *See Silva-Pereira*, 827 F.3d at 1185 ("An adverse credibility determination may [also] be supported by omissions that are not details, but new allegations that tell a much different—and more compelling—story of persecution than the initial application.").

The IJ properly concluded that the only corroborating evidence that Melendez submitted, country conditions reports and articles on generalized gang violence in El Salvador, was insufficient to support his claims given its lack of connection to Melendez's personal circumstances. Without more, "generalized evidence of violence . . . is insufficient" to establish eligibility for CAT relief. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**